**O**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-0881-DOC (SSx )                    Date: October 13, 2009

Title:  JOE PHUONG NGUYEN and LINDA HOANG VO v. LASALLE BANK
         NATIONAL ASSOCIATION, et al.

---

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

        Kristee Hopkins                                    Not Present
        Courtroom Clerk                                 Court Reporter

    ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR
DEFENDANTS:

            NONE PRESENT                              NONE PRESENT

---

PROCEEDING (IN CHAMBERS):  ORDER GRANTING DEFENDANTS' MOTION
                            TO DISMISS

        Before the Court is Defendants LaSalle Bank National Association ("LaSalle") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Defendants") Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, Motion to Strike (the "Motion to Dismiss").  The Court finds this matter appropriate for decision without oral argument.  FED. R. CIV. P. 78; LOCAL R. 7-15.  After considering the moving, opposing, and reply papers thereon, and for the reasons set forth below, the Court hereby GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiffs Joe Phuong Nguyen ("Nguyen") and Linda Hoang Vo ("Vo") (collectively, "Plaintiffs") allege wrongful foreclosure by, among other named defendants, Defendants LaSalle and MERS.  On March 1, 2006, Plaintiffs took out a loan secured against their personal residence.  On March 8, 2008, certain defendants informed Plaintiffs that Plaintiffs were in default on their loan, though Plaintiffs vigorously contested such allegations and demanded an explanation with respect to the allegedly owed sums.  Plaintiffs also contend that they asked to modify their loan.  However, the various defendants allegedly refused Plaintiffs' requests and instead foreclosed on the property.  The property was ultimately sold to Defendant LaSalle at the trustee's sale on December 8, 2008.  As to the instant moving Defendants, Plaintiffs allege LaSalle is engaged in the business of purchasing properties at foreclosure sales in addition to being the purchaser of Plaintiffs' residence.  Furthermore, Plaintiffs contend that Defendant MERS holds itself out to be the nominee and beneficiary under the note at issue.

To summarize Plaintiffs' many claims, Plaintiffs primarily argue that the foreclosure should be set aside because certain defendants were not in possession of the actual note, did not pay consideration for the note, and/or did not receive proper endorsement of the note.  Plaintiffs allege all named defendants violated a myriad of federal and state laws, and that as a result of defendants' misconduct, the loan was and is void and unenforceable, making the foreclosure proceedings also unlawful.

On February 25, 2009, a few months after purchasing the property, LaSalle brought an action for unlawful detainer against Plaintiffs in state court.  On July 24, 2009, the state court entered judgment in favor of LaSalle.  Prior to that judgment and on May 21, 2009, Plaintiffs filed the instant action in state court.  On July 31, 2009, Defendants removed the suit to federal court.  On August 17, 2009, Defendants La Salle and MERS filed the instant Motion to Dismiss.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).  Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Twombly*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  However, if the complaint "lacks a

cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory," it must be dismissed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under a 12(b)(6) motion analysis, the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff.  *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699.  Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

For a complaint to survive a 12(b)(6) motion, it must state a plausible claim for relief.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  Determining whether a Complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense.  If the well-pleaded facts do nothing more than allow the court to infer the mere possibility of misconduct, then the complaint has alleged, but not shown that the pleader is entitled to relief.  *Id.*  Legal conclusions can provide the framework of a complaint; however, they must be supported by factual allegations.  If there are well pleaded factual allegations, then the court must assume their veracity and then determine if they plausibly give rise to an entitlement to relief.  *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment.  *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Further, the Court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the documents; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

### III.    DISCUSSION

### A.      Judicial Notice

Defendants La Salle and MERS request that this Court take judicial notice of the following documents:  (1) the summons and complaint filed in the action entitled *LaSalle Bank, N.A., as trustee for Morgan Stanley Mortgage Loan Trusts 2006-AR6 v. Joe Phuong Nguyen et al.*, Superior Court of the State of California, County of Orange (Case No. 30-2009 00247774); (2) the answer in the aforementioned suit; and (3) the Notice of Ruling and Minute Order reflecting entry of judgment in favor of La Salle in the aforementioned suit.  Since the foregoing documents are matters of public record, Defendants' request for judicial notice is GRANTED.

### B.      Temporary Restraining Order and Preliminary and Permanent Injunctive Relief

Plaintiffs seek a temporary restraining order and urge that injunctive relief is warranted because Plaintiffs are in imminent danger of being removed from their home by LaSalle, and Defendants do not and did not have actual physical possession of the note.  As such, Plaintiffs allege that Defendants are not entitled to proceed with non-judicial foreclosure against Plaintiffs' property.  Plaintiffs further urge that the issues raised here were not considered by the Superior Court in the unlawful detainer action and are therefore not subject to res judicata.

"A party seeking a temporary restraining order ("TRO") must submit an application, a proposed TRO, and a proposed order to show cause why a preliminary injunction should not issue."  FED. R. OF CIV. P. 65; LOCAL R. 65-1.  Here, Plaintiffs did not move for a temporary restraining order or preliminary injunction in this Court through the proper motion papers.  Furthermore, even if Plaintiffs had properly filed a motion with this Court, the Court is unable to enjoin an event that has already occurred.  *See Bernhardt v. County of L.A.*, 279 F.3d 862, 871 (9th Cir. 2002) ("Where the activities sought to be enjoined already have occurred, ... the action is moot, and must be dismissed"); *U.S. v. Oregon State Medical Soc.*, 343 U.S. 326, 333, 72 S. Ct. 690 (1952) ("The sole function of an action for an injunction is to forestall future violations").  Additionally, a claim for injunctive relief is not an independent cause of action.  *Brittain v. Indymac Bank*, No. C-09-2953 SC, 2009 WL 2997394, at *6 (N.D. Cal. Sept. 16, 2009.)  An injunction enjoining the foreclosure proceedings, as well as the unlawful detainer action, is clearly an unavailable remedy.

Plaintiffs' requested relief is also barred on the basis of res judicata, as discussed in detail below, because there was already state court action on the issue of LaSalle's purchase of the home.  This Court simply cannot (and will not attempt to) enjoin a state court action.

### C.     Possession of the Note is Not Required

Plaintiffs allege throughout their complaint that Defendants must have actual physical possession of the note to proceed with a non-judicial foreclosure. However, physical possession of the original promissory note is not a pre-requisite to initiating foreclosure proceedings.  Cal. Civ. Code § 2924(a)(1).  Various courts interpreting the statute agree.  For instance, in *Moeller v. Lien*, 30 Cal.Rptr.2d 777, 785 (Ct. App. 1994), the court noted, "The comprehensive statutory framework established to govern non-judicial foreclosure sales is intended to be exhaustive.  It includes a myriad of rules relating to notice and right to cure.  It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating non-judicial foreclosures to incorporate another unrelated cure provision into statutory non-judicial foreclosure proceedings."  In, *Farner v. Countrywide Home Loans*, No. 08-CV-2193 BTM, 2009 WL 189025, at \*2 (S.D. Cal. Jan. 26, 2009), plaintiffs urged that defendants were required to produce the original note to conduct non-judicial foreclosure proceedings.  Pointing to Cal. Civ. Code §§ 2924, *et seq.*, the court explained that "there does not appear to be any requirement under California law that the original note be produced in order to render the foreclosure proceedings valid."  *Farner*, 2009 WL 189025, at \*2.  Thus, Plaintiffs' allegations that Defendants must have physical possession of the note to proceed with foreclosure are erroneous.

### D.     Plaintiffs' Complaint is Unclearly and Ambiguously Directed at Multiple Defendants for Multiple Causes of Action

A primary problem with the complaint is that it is devoid of sufficient facts even under the lenient standards of Fed. R. Civ. P. 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Plaintiffs' allegations are confusing, conclusory, and fail to differentiate between various defendants.  For example, it appears that LaSalle was only a purchaser of the subject property at the foreclosure sale.  Thus, Plaintiffs' complaint fails to implicate LaSalle in most of the alleged conduct.  Furthermore, Plaintiffs continually refer to "Defendants" or "Defendant" without identifying the specific party or parties Plaintiffs mean to address.

At numerous points throughout the complaint, Plaintiffs direct their claims at all Defendants.  However, not all Defendants are subject to the same claims because of their various roles in the mortgage and foreclosure process.

### E.     Numerous Causes of Action are Barred by Res Judicata

"A fundamental precept of common-law adjudication, embodied in the

related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .' Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. . . To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. U. S.*, 440 U.S. 147, 153-4, 99 S. Ct. 970 (1979) (citations omitted).

Defendant LaSalle brought suit against Plaintiffs in Orange County Superior Court for unlawful detainer following the foreclosure sale.  There, Nguyen (Plaintiff herein) urged that LaSalle's foreclosure was improper and alleged multiple affirmative defenses.  The state court entered judgment in favor of LaSalle, finding that LaSalle's evidence established all elements of its claim.  Thus, Defendants argue that the following causes of action in this suit are barred by res judicata: the first cause of action, second cause of action, fourth cause of action, eleventh cause of action, twelfth cause of action, thirteenth cause of action, fifteenth cause of action, sixteenth cause of action, and seventeenth cause of action.

"Although most issues unrelated to possession can be raised in a subsequent action between the parties, the issue of the irregularity of the foreclosure or execution sale is barred by a judgment in an unlawful detainer action."  7 Miller and Starr, CAL. REAL EST. § 19:223 (3d ed.) (citing *Freeze v. Salot*, 266 P.2d 140 (2d Dist. 1954); *Bliss v. Security-First Nat. Bank of Los Angeles*, 183 P.2d 312 (2d Dist. 1947); *Seidell v. Anglo-California Trust Co.*,132 P.2d 12 (3d Dist. 1942).  Plaintiffs urge that by alleging fraud, undue influence, and breach of covenant of good faith and fair dealing, that res judicata does not bar their claims.  However, as discussed below, Plaintiffs' allegations not only fail herein, but were also rejected in the unlawful detainer proceeding.

Plaintiff's First Cause of Action for Declaratory Relief

Plaintiffs seek a judicial determination as to who the actual owner of the note and mortgage is, and whether Defendants had the right to foreclose on the property. Plaintiffs allege that any documents endorsed by MERS, without MERS having physical possession of the note at the time of the endorsement, are invalid, void, and legally unenforceable.  Consequently, Plaintiffs allege they remain the true owners of the property.

Plaintiffs contend they did not owe Defendants an enforceable obligation at the time of the alleged default.  Plaintiffs also allege that since the debt was not verified,

they were not in default.  However, Plaintiffs do not allege that LaSalle was a party to the note and mortgage.  Further, as alleged by Plaintiffs, LaSalle did not foreclose on the property itself; rather LaSalle purchased the property only after it went into foreclosure, demonstrating the deficiencies inherent in this claim as alleged.

Defendants also argue that Plaintiff's claim for declaratory relief fails on the basis of res judicata and because all other underlying claims fail.  In the alternative, Defendants contend this cause of action is duplicative and that it should be dismissed even if one or more of Plaintiffs' causes of action survives the motion to dismiss.

In *California Ins. Guarantee Assn. v. Superior Court*, 283 Cal.Rptr. 104, 108 (Ct. App. 1991), the court noted, "The object of the [declaratory relief] statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues."  "This 'cause of action' is ultimately a request for relief [and], in order to weigh it the Court must look to the underlying claims. *Brittain v. Indymac Bank*, No. C-09-2953 SC,  2009 WL 2997394, at *5 (N.D.Cal. Sept. 16, 2009) (citing *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 92 (6th Cir. 1997).  Defendants urge that Plaintiffs' cause of action for declaratory relief adds nothing to the remaining causes of action.  This Court agrees.  Therefore, Defendants' motion to dismiss Plaintiff's first cause of action is GRANTED.

Plaintiffs' Second, Third, and Fourth Causes of Action for Violation of 15           U.S.C. § 1692, *et seq*., the Fair Debt Collection Practices Act ("FDCPA")          and Sixteenth Cause of Action for Violation of the California Rosenthal          Fair Debt Collection Practices Act ("RFDCPA")

Plaintiffs bring numerous claims under federal and state debt collection acts.  Plaintiffs' second cause of action alleges violation of 15 U.S.C. § 1692f (Unfair Practices).  Under the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Plaintiffs aver that Defendants used unfair and unconscionable means to attempt to collect debt from Plaintiffs.  Plaintiffs' third cause of action alleges violation of 15 U.S.C. § 1692g (Validation of Debts).  Plaintiffs contend that they are unsophisticated consumers and that the "Defendant" is a debt collector.  Plaintiffs, however, do not make it clear to which defendant they refer.  Plaintiffs' complaint then goes on to state that "Defendants" initially communicated with Plaintiffs attempting to collect a debt, and later ceased communication.  Plaintiffs' fourth cause of action alleges violation of 15 U.S.C. § 1692e (False and Misleading Statements). 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Plaintiff's sixteenth cause of action alleges violation of the California

RFDCPA.  The RFDCPA prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and requires debtors to act fairly in entering into and honoring such debts.  Plaintiffs urge that Defendants used unfair and unconscionable means to attempt to collect debt from Plaintiffs by taking non-judicial action that was not authorized by a duly acknowledged and recorded assignment, therefore causing Plaintiffs damages.  Plaintiffs also allege the MERS website contained false and misleading information and that MERS acted under other false and misleading information.  Finally, Plaintiffs allege that since MERS did not obtain the requisite authority to commence a non-judicial foreclosure sale, the sale was without merit and unlawful.

However, as Defendants point out, Plaintiffs' claims under the FDCPA fail as a matter of law because, as alleged, neither LaSalle nor MERS are "debt collectors" under the act and foreclosure does not constitute the collection of a debt.  (*See FTC v. Check Investors, Inc.* 502 F.3d 159, 172-74 (3d Cir. 2007) (holding that an entity that acquires debt when it is not in default is a "creditor" under the FDCPA, not a "debt collector."); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that 'debt collector' does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998) (holding that a servicing company attempting to collect on debt owed pursuant to a forbearance agreement was not a debt collector subject to FDCPA's "hyper-technical requirements.")).  Especially as to LaSalle and as alleged, LaSalle merely purchased the property after it went into foreclosure. Thus, Plaintiffs have failed to allege any violation of the FDCPA.

As to their claim under the RFDCPA, Cal. Civ. Code § 1788, *et seq*., Plaintiffs again fail to allege any specific facts regarding a violation of the act or what provisions of the act they contend have been violated.  Again, as other district courts have held, mortgage "foreclosure does not constitute debt collection under the RFDCPA." *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *see also, Ines v. Countrywide Home Loans*, No. 08-CV-1267 WQH (NLS), 2008 WL 4791863, at *3 (S.D. Cal. Nov. 3, 2008) (while plaintiff contended that defendants failed to comply with plaintiff's lawful demands to validate the debt pursuant to RFDCPA, the court found that the complaint "[arose] out of the allegedly unlawful foreclosure on [p]laintiff's property pursuant to a deed of trust, which does not fall within the meaning of the RFDCPA or the FDCPA").  Thus, this claim fails too.

Finally, it is not clear which of the defendants participated in the allegedly unlawful conduct.  *See Gonzalez v. ReconTrust Co.*, No. C 08-05485 JW.2009 WL 656275, at *4 (N.D. Cal. Mar. 12, 2009) (finding that the complaint lacked sufficient

allegations to support the claims under the FDCPA and the RFDCA).  Therefore, Defendants' motion to dismiss Plaintiffs' second, third, fourth, and sixteenth causes of action is GRANTED.

Plaintiffs' Eleventh Cause of Action to Quiet Title

In an action to quiet title, two conditions must be met.  First, the complaint must be verified.  Cal. Code. Civ. Proc. § 761.020.  Second, any outstanding debts must be paid before the action is commenced.  *Aguilar v. Bocci*, 114 Cal.Rptr. 91, 92 (App. Ct. 1992).

Regarding verification,

> [t]he complaint shall be verified and shall include all of the following: (a) A description of the property that is the subject of the action. . . In the case of real property, the description shall include both its legal description and its street address or common designation, if any; (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.; (c) The adverse claims to the title of the plaintiff against which a determination is sought; (d) The date as of which the determination is sought.  If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought; and (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Cal. Code Civ. Proc. § 761.020.  Plaintiffs' complaint, however, is not verified and does not include the foregoing information required by statute.

Regarding debts owed, Plaintiffs also contend they do not owe a debt to the foreclosing Defendants or in the alternative, that they contest the accuracy of the debt owed.  However, Plaintiffs' claim is insufficient in light of the unlawful detainer state court proceeding which resulted in judgment for LaSalle because Plaintiffs did not pay a debt owed to at least one of the instant named defendants.  Therefore, Defendants' motion to dismiss Plaintiffs' eleventh cause of action is GRANTED.

Plaintiffs' Twelfth Cause of Action to Void and/or Set Aside Deed of Trust and

Thirteenth Cause of Action to Set Aside the Foreclosure Sale

Plaintiffs seek to void and/or set aside deed of trust or the foreclosure sale. However, these equitable claims require tender or offer to tender the amount due. *Karlsen v. American Sav. & Loan Assn.*, 92 Cal.Rptr. 851, 854 (Ct. App. 1971). Plaintiffs fail to plead tender, offer to tender, offer to tender upon accounting, or provide facts indicating why tender of the amount remaining on the loan is not necessary. For these reasons, their equitable claims fail. Plaintiffs also urge that the sale of their home was improper and should be set aside because the foreclosing Defendants did not have physical possession of the note. However, physical possession of the note is not required as discussed above.

Plaintiffs' claims are also without merit in light of the unlawful detainer state court proceeding which entered judgment in favor of LaSalle. Finally, even if these claims were not barred by res judicata, Plaintiffs make no direct allegation that LaSalle or MERS was involved with the supposed unlawful and non-judicial foreclosure. In essence, even if Plaintiffs raise valid legal concerns by contending that they were current on their mortgage and a trustee's sale was improperly initiated, the complaint fails to allege sufficient facts implicating LaSalle or MERS in the wrongful conduct. Therefore, Defendants' motion to dismiss Plaintiffs' twelfth and thirteenth causes of action is GRANTED.

## F.      Plaintiffs' Remaining Claims are Inadequately Pled

Plaintiffs' Fifth and Sixth Causes of Action for Violation of the Real Estate Settlement Procedures Act

Plaintiffs allege Defendants are in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 and 2607. RESPA prohibits kickbacks between lenders and third-party settlement service agents in the real estate settlement process. Plaintiffs allege Defendants assigned, sold, or transferred their loan to another entity more than once and did not notify Plaintiffs. As such, Plaintiffs allege they suffered harm because they were sending payments to entities no longer servicing the loan. Plaintiffs also allege "Defendant" (without naming which defendant) violated RESPA by paying fees or kickbacks in connection with Plaintiffs' mortgage. Plaintiffs further aver that Defendants had a business arrangement with a real estate broker which caused Plaintiffs to pay additional fees. Defendants point out that Plaintiffs have not alleged that LaSalle or MERS was involved with making the loan to Plaintiffs. Plaintiffs do not allege that LaSalle or MERS is a lender, loan servicer, or settlement service provider. As such, neither LaSalle nor MERS is subject to RESPA.

Defendants also allege that Plaintiffs' RESPA claims are time barred and in the alternative, inadequately pled.  Specifically, Plaintiffs' claim under 12 U.S.C. § 2607 is subject to a one-year statute of limitations.  12 U.S.C. § 2614.  Plaintiffs, however, urge that equitable tolling applies.  In response, Defendants point out that Plaintiffs' claim was filed more than three years after the loan closed on March 6, 2006.  Defendants also properly indicate that Plaintiffs did not assert the doctrine of equitable tolling in their complaint.  For a plaintiff to appropriately skirt the statute of limitations, Plaintiffs must have alleged facts demonstrating why they did not discover that the statute of limitations lapsed *in their complaint*.  *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723 (1984); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987).  Plaintiffs, however, have not done so.  Thus, Plaintiffs' claim fails.  Therefore, Defendants' motion to dismiss Plaintiffs' fifth and sixth causes of action is GRANTED.

Plaintiffs' Seventh Cause of Action for Violation of the Truth in Lending Act

Plaintiffs allege Defendants are in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601.  TILA is designed to protect consumers in credit transactions by requiring clear disclosure of key terms of the lending arrangement and all costs.  15 U.S.C. § 1601. Creditors are defined as "the person[s] to whom the debt arising from the consumer credit transaction is initially payable."  *See* 15 U.S.C. § 1602(f).

Defendants allege Plaintiffs' TILA claim is time barred for the same reasons that the RESPA claim is time barred.  "A TILA claim for monetary damages must be brought within one year from the date of the occurrence of the violation."  *Brittain v. Indymac Bank*, No. C-09-2953 SC, 2009 WL 2997394, at *2 (N.D. Cal. Sept. 16, 2009) citing 15 U.S.C. § 1640(e).  Thus, Plaintiffs' TILA claims fail for these reasons.

Even if Plaintiffs' TILA claim were not time barred, Defendants also point out that Plaintiffs have not alleged that LaSalle or MERS was involved with making loans to Plaintiff.  Plaintiffs do not allege that LaSalle or MERS is a lender, loan servicer, or settlement service provider. As such, neither LaSalle nor MERS is subject to TILA.  Therefore, Defendants' motion to dismiss Plaintiffs' seventh cause of action is GRANTED.

Plaintiffs' Eighth Cause of Action for Violation of the Bank Tying Act

Plaintiffs allege MERS is in violation of the Bank Tying Act.  The Bank Tying Act applies to banks and certain entities associated with the lending industry.  12 U.S.C. §1972.  "In order to state a cause of action under the anti-tying provision of the BHCA, Plaintiff must prove three elements: (1) the Bank has engaged in an unusual

practice; (2) that the Bank's actions were anti-competitive; and (3) that the actions were to the benefit of the Bank." *New England Co. v. Bank of Gwinnett County*, 891 F.Supp. 1569, 1573, *citing Parsons Steel v. First Alabama Bank of Montgomery*, 679 F.2d 242, 246 (11th Cir. 1982).   "Section 1972 is not a general regulatory provision designed to insure fair interest rates, collateral requirements, and other loan agreement terms. It has a narrow target; it is 'intended to provide specific statutory assurance that the use of the economic power of a bank will not lead to a lessening of competition or unfair competitive practices.'" *Freidco of Wilmington, Del., Ltd. v. Farmers Bank of State of Del.*, 499 F.Supp. 9956, 1001 (citing S.Rep.No.91-1084, 91st Cong., 2d Sess. 3).

Plaintiffs contend that Bankerswest caused Plaintiff to agree to purportedly onerous loan terms and paid broker kickbacks.  However, these allegations do not implicate MERS because Plaintiffs have not alleged MERS is a bank or an "institution affiliated party."  12  USC § 1972(2)(f).  Institution affiliated parties include directors, officers, employees, or controlling stockholders of, or an agent for, an insured depository institution, as well as shareholders or independent contractors.  12 U.S.C. § 1972(2)(f) (citing to 12 U.S.C. § 1813(u)).  Therefore, Defendants' motion to dismiss Plaintiffs' eighth cause of action is GRANTED.

<u>Plaintiffs' Ninth Cause of Action for Breach of the Implied Covenant of Good Faith</u>

Plaintiffs allege Defendants breached the implied covenant of good faith, citing the Uniform Commercial Code § 1-304.  As a threshold matter, the Uniform Commercial Code does not apply because the Uniform Commercial Code is merely a uniform, *model* act designed to harmonize commercial transactions between the states.

California law, however, recognizes that every contract "imposes upon each party a duty of good faith and fair dealing in its performance." *McClain v. Octagon Plaza, LLC*, 71 Cal.Rptr.3d 885, 896 (Ct. App. 2008).  However, tort recovery for breach of the covenant "is available only in limited circumstances, generally involving a special relationship between the contracting parties." *Bionghi v. Metro. Water Dist.*, 83 Cal.Rptr.2d 388, 396 (Ct. App. 1999).  In addition, California courts reject arguments "that the tort doctrine which has been extended only to situations where there are unique fiduciary-like relationship between the parties, should encompass normal commercial banking transactions." *Mitsui Mfrs. Bank v. Sup. Ct.*, 260 Cal.Rptr. 793, 796 (Ct. App. 1989).  As Defendants point out, Plaintiffs have failed to allege the requisite special relationship between the parties to support this cause of action, especially considering California courts typically do not treat the relationship between a borrower and a lender, etc., as a special relationship.

In their opposition, Plaintiffs urge that while they are not in actual privity with LaSalle or MERS, they are parties to a contract implied in fact.  However, a cause of action for breach of the implied covenant "rests upon the existence of some specific contractual obligation."  *Brittain v. Indymac Bank*, No. C-09-2953 SC, 2009 WL 2997394, at *3 (N.D. Cal. Sept. 16, 2009) (citing *Foley v. Interactive Data Corp.*, 765 P.2d 373 (1988).  Plaintiffs have failed to allege sufficient facts demonstrating any specific contractual obligation.  Therefore, Defendants' motion to dismiss Plaintiffs' ninth cause of action is GRANTED.

Plaintiffs' Tenth Cause of Action for Undue Influence

Plaintiffs allege that Defendants exercised undue influence over Plaintiffs.  Undue influence is "the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him; [i]n taking an unfair advantage of another's weakness of mind; or, [i]n taking a grossly oppressive and unfair advantage of another's necessities or distress."  Cal. Civ. Code § 1575.

Plaintiffs' claim for undue influence rests on Plaintiffs' assertion, in their opposition only, that Plaintiffs and Defendants have a contract implied in fact because Plaintiffs were to pay the debts on their house or face foreclosure by Defendants.  However, not only have Plaintiffs failed to plead sufficient facts demonstrating undue influence, but undue influence is merely a defense to enforcement of a contract, not a substantive cause of action.  Furthermore, Plaintiffs have failed to present any facts demonstrating that they have contract implied in fact with Defendants LaSalle and MERS.  Therefore, Defendants' motion to dismiss Plaintiffs' tenth cause of action is GRANTED.

Plaintiffs' Fourteenth Cause of Action for Accounting

In their opposition, Plaintiffs argue that the cause of action for accounting is valid because Plaintiffs allege an unknown amount of money is due on their loan and cannot be determined without an accounting.  "A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law."  *St. James Church of Christ v. Sup. Ct.*, 287 P.2d 387, 391 (Cal. Ct. App. 1955).  To obtain an accounting, a plaintiff must plead entitlement to damages under another cause of action; the amounts owed cannot be determined without an accounting; and there must be a fiduciary duty between plaintiff and defendant requiring such accounting.  *Id.*

Plaintiffs do not allege the existence of any fiduciary relationship with Defendants.  In addition, even if Plaintiffs meant to obtain an accounting on the basis of their RESPA and TILA claims, those claims fail as discussed above.  Therefore, Defendants' motion to dismiss Plaintiffs' fourteenth cause of action is GRANTED.

Plaintiffs' Fifteenth Cause of Action for Fraud

Plaintiffs allege La Salle falsely represented on the Trustees' Deed Upon Sale that it was the "Foreclosing Beneficiary," when LaSalle knew it was not a beneficiary because it had not paid consideration for the note and mortgage from the true beneficiary.  Plaintiffs allege Defendants made false representations and that they were made in reckless disregard for the truth.  Plaintiffs also allege that Plaintiffs reasonably relied on the false representations of Defendants, and that as such, Plaintiffs were harmed and suffered damages.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).  Plaintiffs, however, do not allege any specific facts as to Defendants' fraudulent conduct.  As noted, throughout the complaint, Plaintiffs fail to differentiate between defendants and "make[] it impossible for the Court to 'identify the role of each defendant in the alleged fraudulent scheme.'" *Brittain v. Indymac Bank*, No. C-09-2953 SC, 2009 WL 2997394, at *3 (N.D. Cal. Sep. 16, 2009) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).  Thus, Plaintiffs' allegations are not stated with enough particularity to meet the requirements of FED. R. CIV. P. 9(b).  Therefore, Defendants' motion to dismiss Plaintiffs' fifteenth cause of action is GRANTED.

Plaintiffs' Seventeenth Cause of Action for Constructive Trust

In their complaint, Plaintiffs allege that in contravention of Plaintiffs' ownership rights and interests in the subject property, LaSalle purported to obtain legal title to the property by means of an unjustified foreclosure sale.  However, pursuant to Local Rule 7-12, "The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

Plaintiffs do not oppose Defendants' motion on the issue of constructive trust, warranting dismissal under the above quoted local rule.  In the alternative, even if

Plaintiffs had opposed the motion on this cause of action, Plaintiffs do not make a sufficient claim for fraud or allege a fiduciary duty that supports the underlying basis for this claim.  Therefore, Defendants' motion to dismiss Plaintiff's seventeenth cause of action is GRANTED.

Emotional Distress Allegations

Plaintiffs do not oppose Defendants' motion to dismiss Plaintiffs' claims for emotional distress and punitive damages.  Therefore, Defendants' motion is GRANTED as to these allegations.

**VI. OUTCOME**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED with LEAVE TO AMEND.  Plaintiffs have twenty (20) days leave to amend their complaint consistent with this order.  Defendants have twenty 20 days thereafter to respond.

The Clerk shall serve this minute order on all parties to the action.